## Low vs. Cheney.

*It seems* that the distinction between orders and non-enumerated motions are abolished in suits commenced under the code (see § 358.) But it is otherwise in existing suits commenced before the code became operative.

*It seems,* also, that an order to stay proceedings for the purpose of making a non-enumerated motion in an existing suit commenced previous to the 1st of July, can be but for ten days without notice, for those motions can now be made to a judge out of court, on five days' notice. (§§ 369, 363.)

An order granted by a justice of this court at chambers, after the 1st of July last, for a bill of particulars, and also an order to extend the time to plead *more than ten days without notice,* in a suit commenced previous to the 1st of July : *held,* regular.

The 358th section of the code declares "an application for an order is a motion." But that section does not apply to existing suits commenced previous to the 1st of July. Such orders under the former practice were not considered "motions."

*Albany Special Term, August,* 1848. *Motion on the part of the Defendant to set aside his default for not pleading, and all subsequent proceedings.*—The declaration was served on the 6th day of June, 1848. Notice of retainer served by Defendant's attorney on the 21st of June. On the 24th day of June, Mr. Justice SELDEN made an order extending the time to plead to the 27th day of July, which was immediately served. On the 26th day of July, on cause shown as required by the 91st rule, Mr. Justice SELDEN made a further order again extending the time to plead to the 12th day of August, which order was immediately served by mail. On the 27th of July, the Defendant obtained an order for a bill of particulars of the Plaintiff's demand, or to show cause on the 4th of August, and for a stay of proceedings in the mean time, which order was made by the recorder of the city of Rochester, and was also immediately served by mail. The Plaintiff's attorneys admitted service of the orders of July 26th and of July 27th, but added that they were void and would be so treated by them, and wrote also to Defendant's attorney to the same effect, on the 28th day of July, the day the same were received by them.

On the 1st of August, the Plaintiff's attorneys gave notice of assessment of damages on the 15th of August. On the 4th day of August, Defendant's attorney offered to Plaintiff's attorneys a plea, and requested them to waive the default they had entered for want of a plea. They declined to receive the plea or waive the default, unless the costs thereof were paid.

N. HILL, JR., *for Deft.*
H. Z. HAYNER, *for Plff.*

HAND, Justice.—The § 362 of the code provides that "no order to stay proceedings for a longer time than ten days shall be granted by a judge out of court, except upon previous notice to the adverse party." The term "judge" here, no doubt, includes a justice of the Supreme Court, although the expression "judge or justice" is also used in the same chapter, (§ 360.) "Justice" is the term used in the constitution, (art. 6,) but "judge" and "justice" are used synonymously in the code. (See, among others, §§ 155, 163, 198.) By the 5th subdivision of § 2, of an "act to facilitate the determination of existing suits in the courts of this state," (passed April 12th, 1848,) §§ 360 to 363 of the code are applied, so far as the same are applicable to "non-enumerated motions" in this court, in suits pending on the 1st day of July last. The § 358 of the code declares, "an application for an order is a motion." But that section does not apply to existing suits. An application to an officer out of court for time to plead, or for an order for a bill of particulars, was not, under the former practice, considered a "motion." A motion is an application for a rule or order of the court. (Rule 49, 1 Tidd's Pr. 436; 1 Richardson's Pr. 621; Lee's Dic. 939; 14 Peterdf. 354.) These applications, therefore, in suits pending on the 1st of July, are not motions. The § 358 does not apply to them, nor does § 362, except as to non-enumerated motions. The distinction between orders and non-enumerated motions, perhaps, is abolished in suits commenced under the code, but not in existing suits. Possibly, too, an order to stay proceedings for the purpose of making a non-enumerated motion in an existing suit, can be but for ten days without notice, for those motions can now be made to a judge out of court on five days' notice. (§§ 360, 363.)

But the powers of judges to make other chamber orders in existing suits, it is believed, are not abridged, except in some special cases. Provision is made for bills of particulars in suits commenced since the 1st of July, without an order therefor, by § 135. But this section does not affect existing suits, and if no stay of proceedings for this purpose, longer than ten days can be granted, it would be inconvenient to both parties when the opposing attorneys reside at a distance from each other. An order for further time to answer, which, in effect, stays the Plaintiff's proceedings, is provided for by § 366. But that also does not affect existing suits, which is an additional reason for the construction of § 362 here given.

It follows that the default of the Defendant was erroneously entered, and that and all subsequent proceedings on the part of the Plaintiff, must be set aside, and the Defendant has fifteen days to plead after the entry of this order. Neither party can have costs on this motion.